IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE
CARLOS J. FUENTES JIMENEZ

SSN: xxx-xx-1035
   Debtor

BANKRUPTCY 21-00427 EAG

CHAPTER 7

DEBTOR's OPPOSITION TO B.P.P.R.'s REQUEST FOR EXTENSION "OF PERIOD TO
OPPOSE DISCHARGE" & REQUEST DENIAL OF DOC #37 FOR FAILURE TO
CORRECT DEFICIENCY AS PER DOC #38

TO THE HONORABLE COURT:

COMES NOW debtor through his legal representation who respectfully opposes
the extension of time requested by B.P.P.R. to "oppose" the debtor's discharge as
follows:

1. On **May 10, 2021**, the very day that the §523/§727 Complaint's deadline expired,
   B.P.P.R. [Popular] filed a request for an extension of time to "oppose discharge"
   filed at doc #37, request which incidentally and improperly consolidated with a
   Rule 2004 Examination & Production.

2. The Clerk of this Court promptly entered a *Notice of Corrective Entry* at doc #38
   ordering Movant to re-file and correct the deficiency. To date BPPR has failed to
   correct and separate the two pleadings. Its request to extend time to 'oppose
   discharge' is thus untimely.

3. On **May 11, 2021** at doc #39 the Court entered the following Order: *Pursuant to
   the Notice to the Bar and the Public 17-01, a notice of corrective entry is of clerical
   nature and a document improperly filed is valid unless the court determines otherwise,
   which the court does not intend to do. As such, the debtor is ordered to reply to Banco
   Popular's motion at docket number 37 on or before 5/27/2021.*

4. BPPR's failure to correct its defective filing and consolidation of requested relief should result in denial of both requests, particularly its request to extend the time to "oppose discharge", as it is now untimely.

5. Additionally, the motion does not meet minimum pleadings standards, is deficient and fails to adequately indicate the period of extension requested. The motion also lacks cause for an extension of time to object the discharge, and the motion fails to reference the Code provision(s) under which Popular intends to move for denial of discharge and which purportedly warrant an extension of time to seek such a denial of debtor's discharge.

6. The vagueness and imprecision of the motion filed by BPPR at doc #37 fails to provide adequate notice to the debtor or the court of what the bank is pursuing that may warrant denial of discharge or a dischargeability determination to justify an extension of time to file a complaint.

7. Is the extension to be unlimited in time? Under what Code provision(s) is Popular's request anchored? How does a pending division of community property impact the bank's rights or relate to the debtor's right to his discharge?

8. BPPR's motion is but a fishing expedition. This creditor has no idea where or how to anchor its request, simply because there is no basis or cause on which the bank can hang its hat, hook its bait, or move to object debtor's discharge. Creditor is grasping at straws and this Court should not allow its request for extension.

9. Notwithstanding its delay and lack of cause or precision in its request to extend time, Counsel for BPPR did admittedly reach out to debtor's counsel on **May 6, 2021** close to 5 pm, Thursday. The deadline for filing a §523/§727 Complaint was Monday, **May 10, 2021**.

10. Counsel for debtor acted immediately on **May 7, 2021** and within 23 hours of the bank's request delivered the Divorce Decree to counsel for BPPR as requested. No other documentation is available to the debtor, is in his possession or custody

and as such, the remaining Production requested cannot be complied with as requested in its defective and uncorrected doc #37.

11. Although debtor immediately inquired as to why and what was/is Popular investigating to warrant an objection to discharge, our inquiry has yet to be directly addressed by counsel for BPPR, either personally or through its motion at doc #37.

12. Creditor's lack of diligence in reaching out to the debtor for unrelated documents from the divorce proceeding, does not warrant an extension of time to 'oppose discharge'. Refer to email exchange between counsel marked as **Exhibit #1.**

13. Debtor opposes any extension of time to this creditor since the request and motion fail to plead cause or reason for the extension or the basis or elements to warrant an objection to this debtor's discharge. The motion is unsupported, lacks cause and is an abuse of the provisions that govern such an important part of an honest but unfortunate debtor's right to a discharge.

14. The request neither meets minimum of pleading standards, nor does it show a scintilla of cause as contemplated and required under Fed. R. Bankr. P. Rules 1017(e) or 4004(b) to obtain additional time to deny discharge under 11 U.S.C. §727(a) or §523. The request for extension is the bank's last 'hail Mary 'in its hope and prayer that its mortgage not be discharged as an unsecured claim to which it has been reduced by the bank's self-inflicted acts. Debtor has not acted in bad faith nor caused the bank's loss. The bank's loss is not related in any way, shape or form, to any cause to object or deny the discharge of this or any debtor, nor is extension warranted under the circumstances.

15. Popular has not offered any evidence demonstrating due diligence or any other reason for this Court in its discretion, to grant this creditor's request and thus, no "cause" exists as contemplated and required under Fed. R. Bankr. P. Rules 1007(e) and 4004(b) warranting an extension of time and more so when the time to act has since passed.

16. Fed. R. Bankr. P. 4004(a) provides that:

*In a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).*

Fed. R. Bankr. P. 4004(b) further allows for extension of time:

*(1)    On motion of any party in interest, **after notice and hearing**, the court may **for cause extend the time to object to discharge**.  Except as provided in subdivision (b)(2), **the motion shall be filed before the time has elapsed.***

*(2)    **A motion to extend the time to object to discharge may be filed after the time for objection has expired** and before discharge is granted **if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under §727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection**.  The motion shall be filed promptly after the movant discovers the facts on which the objection is based.*

Emphasis provided.

### Case Was Filed w/ All Schedules, Lists & Statements

17. This case was filed with all schedules, lists and statements since its inception on **February 12, 2021,** 103 days ago, with Amendments thereto at docs #17 and #25 unrelated to this creditor.  Likewise, all §521 documentation was duly submitted and uploaded to Trustee shortly after filing.  There is nothing pending in this case, except for the belated scurry to initiate this creditor's belated investigation by the filing of a Rule 2004 Production which was immediately responded to prior to the complaint bar date by delivery to the bank of the only document in debtor's possession and custody.

18. Debtor has been diligent and has not caused delay in his case and should not be penalized because of the creditor's lack of diligence.

19. Furthermore, the Moving creditor did not participate in the two separate §341 meeting of creditors held in this case on March 9, 2020 as per doc #5 or on March 16, 2020 as per virtual doc #16 adjourning the first meeting.

**Reasons Stated in Motion in Nothing Relate to Cause for Objection to Discharge**

20. Paragraphs 8, 13 & 14 of doc #37 state:

> *8. Movant believes **Debtor omitted critical information regarding his right, title and interest to the property described in part 1.1 of Schedule A/B**: Property, **and that the divorce proceedings documents are critical to understand the settlement reached by Debtor and former spouse**. <u>Debtor's omissions could affect Movants rights, and thus to preserve its right to oppose discharge</u>, it requires Debtor to provide additional documentation. Debtor's counsel informed that Debtor has no further documentation regarding the divorce proceedings to provide, <u>Movant wants to conduct discovery to ascertain that its rights are not prejudice by the discharge</u>.*

Emphasis provided.

Debtor has omitted no information whatsoever in his schedules that upon belief are complete and accurate, nor has he omitted information specifically in regard to the community property described at part I.I of Schedule A/B. On the contrary, debtor has been overly precise in the description of the real property and the reality before the Property Registry. Furthermore, how can divorce proceeding document be needed to understand the settlement? The Divorce Decree reflects exactly what the Court approved in regard to the parties' agreement in regard to the community property. It also is what is essentially disclosed in debtor's Schedule A/B Part 1.1.

Debtor's Schedule A/B in part 1.1. describes the property and his interest, as follows:

*"1/2 participation residential prop 4b/2.5b. In Divorce Decree [CA 2019 RF 00657]ª debtor transferred participation to ex-spouse; not yet been [sic] elevated to Prop Registry. Spouse will not cooperate with copy of Deed or appraisal recently performed. Value is*

---

ª The Divorce Decree is numbered *CA 2019 RF 00651* and not *CA 2019 RF 00657* as scheduled.

*average of 2 recent sales in area. Children's Homestead under Family law as well as ex-spouse Homestead under PR Law 95."*

Creditor may have problems in protecting its security, but these problems and any loss related to its loss, were self-inflicted by creditor itself when it withdrew the mortgage note from the Property Registry and during years has failed to secure its rights by presentation of its mortgage to the Property Registry prior to debtor's bankruptcy. Creditor may rightfully be concerned that the mortgage financed by this creditor is neither presented for recordation or recorded in the property Registry.[b] This is the real cause for the bank's concern at this point, that it lacks security in the property for an unsecured mortgage that the ex-spouse has continued to maintain current.

If any rights have been lost, these have not been caused by debtor's acts, conduct or omissions, and least of all, have these been caused by debtor's recent divorce. The bank's problem of lack of security in nothing relates to debtor and his right to a discharge.

> *13. Since the Rule 2004 is merited, as set forth above, to determine if Movant should oppose the discharge or dischargeability based on the documents and testimony sought, and because the deadline to oppose discharge or dischargeability is set for May 10, 2021, Movant seeks a hearing on the Rule 2004 examination, and respectfully requests this Court as permitted under Rule 4004 of the Federal Rules of Bankruptcy Procedure to extend the time to object to discharge.*

The Rule 2004 is not merited and is not being proposed to investigate any matter pertaining to any of the Code's basis for a valid objection to discharge. The Rule 2004 is directed at discovering documentation in the Divorce proceeding related to the transfer of debtor's interest in the real property. Counsel for debtor has already provided what the Divorce Decree states in this regard with a copy of the Decree to counsel for BPPR. We have assured BPPR that debtor does not have any other documentation in this regard and which the

---

[b] According to the Bank's own Title Search attached to its claim at claim #8, filed as early as March 10, 2021, the mortgage note was withdrawn from the Registry several years ago by the Bank.

bank seeks production.

As such, the Rule 2004 Production has already been complied with via submission to BPPR of the only documentation available and in the possession and control of the debtor. Debtor's ex-spouse has under her control and custody such documentation, as does the Superior Court of Fajardo.

Debtor works around the clock primarily and virtually from his home, and when not working from his home, is busy with his daughters' shared custody supervising school work and activities. He has no time to do the Bank's unfounded searches.

> *14. The request for the hearing on the Rule 2004 examination, and the extension of the time to object does not prejudice the Debtor, since such discovery would answer questions regarding the Debtor's right, title and interest over such property on the Petition Date, the dealings between the former spouses in the divorce and the nature of the settlement reach in the divorce proceedings, and the financial information submitted to Movant regarding the mortgage loan, and thus save time and resources, if no complaint or motion under §727(a) of the Bankruptcy Code is filed if Movant is satisfied with the answers and/or documents from Debtor. Movants seeks to protect its ability to assert its claim and protect its rights prior to discharge.*

The bank purports that its extension "does not prejudice the Debtor". Creditor is incredulous. Any delay in the entry of discharge prejudices debtor, as well as requiring additional cost in legal fees and stress to a debtor who has duly complied with the disclosure of all his financial affairs.

There is plenty of prejudice to the debtor, since the discharge is the most important element of the debtor's fresh start. H.R. Rep. No. 95-595, at 128 (1977). Accordingly, the debtor has an interest in the prompt resolution of discharge issues, ***In re Davis***, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996), and the law sets a tight frame for discharge objections. In the absence of a timely objection, and subject to certain exceptions, "the court shall forthwith grant the discharge". Rule 4004(c) F.R.B.P.

**BPPR's Motion is Not Supported by an Adequate Showing of "Cause" or Diligence**

The "for cause" term in Fed. R. Bankr. P. 1017(e)(1) must be read in conjunction with the same "for cause" provision in Rule 4004(a) & (b) (which limits the time to object to a debtor's discharge), and in Rule 4007(c) (which limits the time to file a complaint to determine the dischargeability of a debt). Each of those rules require that the subject action be taken within 60 days after the § 341(a) meeting of creditors, unless the court extends the time for cause.

Since Rules 1017(e), 4004(a) & (b) and 4007(c) all deal essentially with the right to receive chapter 7 relief, then the standard for application of the time limits in those Rules should be consistent. Identical words used in different parts of the Rules should be given the same meaning. See *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (citations omitted) (applying the "normal rule of statutory construction" that identical words used in the same body of statutory law are intended to have the same meaning). Thus, this Court may look to cases interpreting the "for cause" exception in one of any of these Rules for guidance in its application to the other Rules.

The moving party has the burden of proof to show cause to extend the time for matters relating to the debtor's discharge. See *In re Stonham*, 31,7 B.R. 544 (Bankr. D. Colo. 2004) (interpreting the "for cause" exception in Rule 4007(c) which limits the time to file a dischargeability complaint). The same standard has been applied to motions for additional time under Rule 1017(e)(1). *Molitor*, 395 B.R. at 205. The movant's burden of proof cannot be "satisfied with only a scintilla of evidence." *Stonham*, 317 B.R.544, 547 (Bankr. Colo. 2004). The movant seeking an extension of time for cause must "establish at least a reasonable degree of due diligence to be accorded the requested extension." *Molitor*, 395 B.R. at 205 (citing *Stonham*, 317 B.R. at 547).

The power to extend the 60-day deadlines prescribed in the Rules "rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date... but was unable to do so." *In re Farhid*, 17,1 B.R. 94, (N.D. Cal. 1994). The power is to be exercised cautiously and not where lack of diligence by the creditor appears. Id. at 97.

The Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) strictly construed the 30-day deadline in Rule 4003(b) for filing objections to a debtor's exemptions. 503 U.S. at 643-45. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Id. at 644. "Thus, the Taylor holding that any right to an extension must be strictly construed should carry over to analysis of discharge/dischargeability extensions." *Desiderio*, 209 B.R. 342, 346 (Bankr. E D Pa 1997).

The "strict construction" standard is further supported by the fact that Rule 9006(b), the general procedural rule for enlarging the time limits under the other Rules, specifically excludes the deadlines in Rules 1017(e), 4004(a) and 4007(c) from its application. Rule 9006(b)(3). As a result of this exclusion, the courts may not consider an untimely motion to enlarge the 60-day deadline in those Rules and may not consider whether the failure to act was the result of excusable neglect. Rule 9006(b)(1); See also *Desiderio*, 209 B.R. at 345.

One court, considering the request under Rule 4004(b) for an extension of time to object to the chapter 7 discharge, compiled a list of "cause" factors which the court should consider. *In re Nowinski*, 29,1 B.R. 302 (Bankr. S.D. N.Y. 2003). The four *Nowinski* factors applicable here are: (1) whether the moving party had sufficient notice of the deadline and information to file an objection, (2) the complexity of the case, (3) whether the moving party has exercised diligence, and (4) whether the debtor has been uncooperative or acted in bad faith. Id. at 305-06.

Debtor submits that none of the factors or elements of *Nowinski* have neither been addressed by Movant at doc #37, nor is any one of these factors present herein, on the contrary, this creditor 1) has had sufficient notice of the deadline and sufficient information to file an objection; 2) this case is not complex, but rather basic and simple and straightforward; 3) the creditor has not exercised diligence, and 4) debtor cannot be shown to have been uncooperative or acted in bad faith. Furthermore, BPPR is wrong in alleging at ¶8 that *Debtor omitted critical information regarding his right, title and interest to the property described in part 1.1 of Schedule A/B.*

Debtor does not waive his right to have this motion heard at a duly convened hearing by the Court should this Court require additional argument or support from debtor.

**WHEREFORE**, debtor respectfully opposes any extension of time and prays that this Court conclude:

a) That no cause has been shown to warrant an extension of time to 'oppose debtor's discharge';

b) That the Bank has failed to show due diligence;

c) That the relief sought at doc #37 be denied for failure of BPPR to correct its defective filing;

d) Any remedy that this Court deems just and proper.

### CERTIFICATE OF SERVICE

That on this same date a true and exact copy of the Motion has been electronically filed and caused to be noticed to all party's participant in CmECF which includes the U.S.T. and the C7 Trustee, as follows:

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

MADELIN COLON PEREZ on behalf of Creditor BANCO POPULAR DE PUERTO RICOmcolonquiebras@gmail.com, zortiz@colonroman.com

CHARLINE MICHELLE JIMENEZ ECHEVARRIA on behalf of Creditor ISLAND PORTFOLIO SERVICES LLC AS SERVICER OF FAIRWAY ACQUISITIONS FUND LLC bk@cjlegal.info

KEVIN MIGUEL RIVERA MEDINA on behalf of Creditor BANCO POPULAR DE PUERTO RICO kmrquiebras@gmail.com, krivera@colonroman.com

ROBERTO ROMAN VALENTIN romanchpt7@gmail.com, rroman@ecf.axosfs.com

JUAN C SALICHS POU on behalf of Creditor BANCO POPULAR DE PUERTO RICO jsalichs@splawpr.com

DATED:  May 26, 2021.

s/ **L.A. MORALES**

LYSSETTE MORALES VIDAL
USDC PR #120011

L.A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA
#76 AQUAMARINA STREET
CAGUAS, PUERTO RICO 00725-1908
TEL: 787-746-2434 eFAX 1-855-298-2515
E-MAIL: [lamoraleslawoffice@gmail.com](mailto:lamoraleslawoffice@gmail.com) &
[irma.lamorales@gmail.com](mailto:irma.lamorales@gmail.com)



## Case:21-00427-EAG7 Carlos Jose Fuentes Jimenez       <span style="color:red">EXHIBIT #1</span>
14 messages

**Juan Salichs** <jsalichs@splawpr.com>                                            Thu, May 6, 2021 at 5:31 PM
To: "lamoraleslawoffice@gmail.com" <lamoraleslawoffice@gmail.com>

Dear attorney Morales:


I represent Banco Popular de Puerto Rico in the above caption case.  In conformity with LBR 2004-1(b) we contact you to
arrange a mutually agreeable date, place and time for an examination of your client under Fed. R. Bankr. P. 2004
concerning  (i) your client's Divorce Decree and the terms thereof, (ii) all divorce filing, motions, studies,
valuations of assets, division of assets and liabilities; (iii) all documents concerning values of assets and
debts of debtor's and former spouse prior, during and after the divorce but prior to the bankruptcy filing.


Since time is of the essence, I have available tomorrow between 10:45 and 11:15 a.m., and then after 2:00 p.m. to confer
with you about this matter or on Saturday at any time.  Please let me know what availability you have to confer about
this matter.


Juan C. Salichs

## SALICHS POU & ASSOCIATES PSC

Tel: (787) 449-6000

Fax: (787) 474-3892

Cellular: (787) 460-7378

e-mail: jsalichs@splawpr.com

Postal Address: PO Box 195553, San Juan, Puerto Rico 00919-5553

Physical Location: Popular Center, Suite 1434, 14th Floor, 209 Munoz Rivera Avenue, San Juan, PR 00918

**Please support our Firm's commitment to the environment and sustainability and do not print this email unless you really
have to**.

CONFIDENTIALITY NOTICE: This electronic transmission contains information belonging to Salichs Pou  & Associates, PSC, which is confidential
or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has
been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified
that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

**Lyssette Morales** <lamoraleslawoffice@gmail.com>                                 Thu, May 6, 2021 at 10:21 PM
To: Juan Salichs <jsalichs@splawpr.com>

Dear Colleague

I am away from my office & in Washington DC caring for my 95 year old mother. Tomorrow Friday will be a very busy day for me & my mother Although I generally do not work on the Sabbath I think I can make an exception for you & try to connect after 12.

What are you really searching for in this case? Maybe I can help you.

Are you the secured mortgage creditor? I note that you have no mortgage recorded???

I do not have either the Deed, or Appraisal, etc since the ex spouse holds these & has not shared these with us. Without these we could not even procure a Title Search for the Trustee. I used BPPR's Title Search from your claim on file. We do have Comparable Sales data from Luis Abreu, but not much else.

Do not have the divorce documentation. Use the case # scheduled by Debtor & request these from the Court. We have no objection to this.

We do have the one page Divorce Decree but nothing else. We can provide this

The ex spouse has an Appraisal but also has not shared.

I am afraid that despite our desire to cooperate, we do not most of what you have listed in your message.

I am at lost of what you are searching for?

Are you preparing to amend your proof of claim maybe?

Call me to discuss your requests.

Sent from my iPhone

> On May 6, 2021, at 5:31 PM, Juan Salichs <jsalichs@splawpr.com> wrote:

[Quoted text hidden]

---

**Juan Salichs** <jsalichs@splawpr.com>                              Fri, May 7, 2021 at 3:41 PM
To: Lyssette Morales <lamoraleslawoffice@gmail.com>

Dear attorney Morales:  What I am seeking to discover is the divorce decree, and any stipulation the parties to the divorce may have reach in court, and a judgment, order or resolution containing such arrangement or settlement.  The reason I seek this information is that in Puerto Rico divorce proceedings are private affairs, and only the parties thereto or their counsels may obtain the information on-line or in the physical docket (if prior to the SUMAC system).  Therefore, even if I find the case, I cannot obtain any information.

Per the information outlined in the bankruptcy filing, your client transferred his rights, title and interest to the property in the divorce proceedings.  If he does not have the documentation, then his divorce counsel should have the information, and could provide it to him.  Since time is of the essence, if Mr. Fuentes cannot provide it by Monday, then I will need to move the court to allow my client to conduct discovery of the proffer in the bankruptcy filing regarding the transfer of the rights prior to the bankruptcy filing.

I hope your mother is well, and wish her the best.  I am available on Saturday after 12, or Monday morning, I leave it up to you which is better considering your present circumstances.

Juan C. Salichs

# SALICHS POU & ASSOCIATES PSC

Tel: (787) 449-6000

Fax: (787) 474-3892

Cellular: (787) 460-7378

e-mail: jsalichs@splawpr.com

Postal Address: PO Box 195553, San Juan, Puerto Rico 00919-5553

Physical Location: Popular Center, Suite 1434, 14th Floor, 209 Munoz Rivera Avenue, San Juan, PR 00918

**Please support our Firm's commitment to the environment and sustainability and do not print this email unless you really have to**.

CONFIDENTIALITY NOTICE: This electronic transmission contains information belonging to Salichs Pou  & Associates, PSC, which is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail or telephone that this message has been inadvertently transmitted to you and delete this e-mail from your system. If you have received this transmission in error, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited.

[Quoted text hidden]

---

**Lyssette Morales** <lamoraleslawoffice@gmail.com>                    Fri, May 7, 2021 at 3:59 PM
To: Juan Salichs <jsalichs@splawpr.com>

Juan
I sought the ex spouse's state court attorneys assistance for copies, but never responded  asked ex spouse & she called us but refused to help
nevertheless, they have not transferred his interest as agreed in the Divorce, as of yet.
Why, is this important in the context of his bankruptcy?
Let me attempt to send what I have, but it is not much of what you describe you are interested in.

Lyssette Morales
Abogada
L.A. Morales & Asociados PSC
Urb Villa Blanca
76 Aquamarina
Caguas, PR 00725-1908
O(787) 746-2434
F(1-855) 298-2515
Cell 787-640-1621
Secretaria irma.lamorales@gmail.com
Horario via telefono 10:30 a.m. a 4:00 p.m.


         Agradecemos su patrocinio.  Dios lo ha traído aquí!



[Quoted text hidden]

---

**Juan Salichs** <jsalichs@splawpr.com>                    Fri, May 7, 2021 at 4:16 PM
To: Lyssette Morales <lamoraleslawoffice@gmail.com>


It is imperative to know who owned the property at the moment of the filing.  If as per the debtor stated that he assigned his interest prior to the bankruptcy filing in the divorce proceeding, then the property is totally owned by his ex-wife. We need to have this confirmed with documentation.

[Quoted text hidden]

---

**Lyssette Morales** <lamoraleslawoffice@gmail.com>                          Fri, May 7, 2021 at 4:27 PM
To: Juan Salichs <jsalichs@splawpr.com>

The transfer of title has NOT been elevated or consummated/perfected as of yet. The property continues to be shared by both spouses, as scheduled. I found the Divorce Decree. I do not have the divorce documents that you reference other than this.
i cancelled one of our pending matters today, so if you still need to discuss this matter, you can call me
Again, I note that you w/drew you mortgage presented years ago & at petition date you are not secured.
[Quoted text hidden]
[Quoted text hidden]

---

 **DocDivorcio (2).pdf**
229K

---

**Juan Salichs** <jsalichs@splawpr.com>                          Fri, May 7, 2021 at 5:29 PM
To: Lyssette Morales <lamoraleslawoffice@gmail.com>

Thank you for sending the divorce judgment. The judgement is final and firm. The Court concluded "[t]he court gives its approval to the agreements and stipulations carried out by the petitioning parties in the exact form that are consigned in this judgment." The judgment is dispositive of the transfer of title to the property. Based on civil law your client as of March 14, 2020 (30 days after February 14, 2020) did not have any further interest in the property because the judgment terminated that interest and assigned it to Mrs. Troche.

In our real estate registry system, registration is not constitutive, as a general rule, nor does it validate defects in the title. In this way, a tabular reality results, which is what the registry books reflect, and an extra-registry legal reality, which may not coincide, either because a certain deed has not been registered or because the registration data does not agree with the extra-registral reality. That is what is happening in the case of your client.

To clear the inaccuracy of the registry reality with the extra-registry legal reality, your client could execute a petition (instancia) indicating that pursuant to the judgment of February 14, 2020, title to the property was transferred to Mrs. Troche, and the other provisions therein contained. In the petition you should include a description of the property as it appears in the registry, and its recording data, together with an official certification of this judgment. Since the registry requires a party to request a recording Mr. Fuentes can request the recording of the transfer of the property without the need to demand the execution of a deed of transfer. The judgment is sufficient.

[Quoted text hidden]

---

**Lyssette Morales** <lamoraleslawoffice@gmail.com>                          Fri, May 7, 2021 at 5:32 PM
To: Juan Salichs <jsalichs@splawpr.com>

I am under the impression that " Instancia" is no longer allowed. Must be by Deed. This is not my speciality but that is my impression.
[Quoted text hidden]
--

Lyssette Morales
Abogada
L.A. Morales & Asociados PSC
Urb Villa Blanca
76 Aquamarina
Caguas, PR 00725-1908
O(787) 746-2434
F(1-855) 298-2515

Cell 787-640-1621
Secretaria irma.lamorales@gmail.com
Horario via telefono 10:30 a.m. a 4:00 p.m.

**Agradecemos su patrocinio.  Dios lo ha traído aquí!**

**COVID-19 Alerta:** Efectivo Marzo 15, 2020, la Gobernadora Vazquez anunció la primera fase de la cuarentena debido al COVID -19.  Hasta nuevo aviso nuestro pais seguira con alguna variacion de aislamiento mientras sea posible para todos.  En la medida que todos regresemos a horarios regulares favor de tomar nota de las siguientes precauciones que continuaran hasta nuevo aviso:  1) Empleada(s) no trabajaran a tiempo completo, y por ahora solamente los viernes de serle posible llegar por el cuido de niños mientras no abran las escuelas;  2) Clientes podran visitar la oficina pero tienen que tener cita de antemano, ya que solo se puede atender un cliente a la vez dentro de la oficina; 3) Solo un cliente debe entrar para la cita.  Favor de no traer otros miembros de la familia a no ser necesario y coordinado de ante mano; 4) Tienen que traer **Mascarillas** puestas para poder entrar a las oficina; 5) Deben de observar las directrices de los sies pies de distanciamiento social; 6) Si usted tiene simptomas o contacto con alguien que ha dado positivo al CoronaVirus, favor de **NO** visitar nuestra oficina y llame para cancelar su cita.  Mejor precaver y se le atendera por telefono, por email, por ZOOM, por Whatsapp, etc. Casi todo se puede hacer remotamente con algo de esfuerzo de parte y parte. De esta forma le evitamos viajes desde todas partes de PR y exponer a usted y otros a contagio.

Su abogada, hasta donde pueda y dentro de lo que es razonable, estara disponible para contestarle sus dudas o preguntas. Sea razanable en ocuparnos durante horas laborales, aunque se le este escribiendo por correo electronico fuera de horas laborales, que son lunes a viernes de 10 am a 5 pm.  Con la ayuda de Dios, intentaremos estar disponibles durante estos tiempos de tantos cambios.  Gracias por su paciencia y su comprension.  Cuidemonos todos y mientras puedan mantenganse en sus casas.  Escribirnos por email mientras pueda, por texto en forma limitada, o por WhatsApp en ultima instancia. Favorecemos mensajes electornicos, rotulados en ASUNTO con su nombre y asunto breve.

Agradecemos el patrocinio de nuestros clientes que nos han confiado su situacion financiera.  Que la paz de nuestro Señor siempre este con vosotros y que SUS alas nos cubra durante estos tiempos particualres.  irma.lamorales@gmail.com y lamoraleslawoffice@gmail.com 787-746-2374

---

**Lyssette Morales** <lamoraleslawoffice@gmail.com>                    Fri, May 7, 2021 at 5:33 PM
To: Anibal Medina C23 Calle Marginal Urb Sta Cruz <medinalaw@gmail.com>

Me puedes comentar esto profesor?
[Quoted text hidden]

---

**Juan Salichs** <jsalichs@splawpr.com>                    Sat, May 8, 2021 at 2:10 PM
To: Lyssette Morales <lamoraleslawoffice@gmail.com>

Thank you for your impression.  I discussed the matters with several notaries, and the reality is that based on the language of the judgement in the divorce proceeding it could be interpreted both ways: (1) requiring a deed of assignment or (2) permitting the execution of a petition with a copy of the judgment.  What the notaries were clear is that the transfer could not be performed by merely filing the judgment.

Since it is in the best interest of your client to comply with the judgment and resolve this matter, given that title has was transferred prior to the bankruptcy, and I would suggest that we reach a stipulation regarding the examination we wanted to conduct as follows:

a. I wanted to conduct a Rule 2004 examination of the records of the divorce proceedings, but the advance copy of the judgment was appreciated, since the judgment clearly stipulates that the property was transferred to Mrs.

Troche prior to the bankruptcy filing, and that is confirmed by the language in the filing, we may not have to perform such examination.

b. However since Monday May 10, 2021 is the deadline to oppose discharge, I proposed that Debtor and BPPR enter into a stipulation to file a joint motion for the following:

    a. 15 days to file a motion to enforce the judgment, damages, specific performance and attorney's fees to force Mrs. Troche to appear in a deed of assignment of the property, and to make all necessary corrections to the title required to record title to her name.

    b. Since the period to oppose discharge ends on Monday May 10, the debtor would agree to extend the period to oppose discharge solely in regards to BPPR until the earlier of (a) thirty (30) days after the court rules unfavorably on the above motion or (b) the day Mrs. Troche or the U.S. Marshall executes the deed of assignment.

Please let me know if you want to discuss the above in more detail, or if your client would be willing to enter such stipulation.

[Quoted text hidden]

---

**Lyssette Morales** <lamoraleslawoffice@gmail.com>        Sat, May 8, 2021 at 7:37 PM
To: Juan Salichs <jsalichs@splawpr.com>

Why is the Bank so interested in the transfer, which has been perfected, under pertinent bankruptcy law, of such interest to the bank?
The debtor has no other documentation other than that already shared  there is NO basis for an objection to discharge under any of the possible basis under the Code.
Pls help me understand your purpose. Debtor has the obligation to produce what he has in his possession. I assure you he has nothing else.
I cannot stipulate to extend the period when I do not believe you or any other party has cause? I am still at lost fir the basis or interest of BPPR???
[Quoted text hidden]

---

**Juan Salichs** <jsalichs@splawpr.com>        Mon, May 10, 2021 at 9:29 AM
To: Lyssette Morales <lamoraleslawoffice@gmail.com>

If you are available to discuss I would prefer to have a telephone conference to confer about this matter.  Please let me know if you are available this morning to discuss.

[Quoted text hidden]

---

**Lyssette Morales** <lamoraleslawoffice@gmail.com>        Mon, May 10, 2021 at 10:09 AM
To: Juan Salichs <jsalichs@splawpr.com>

Dear Colleague.
I am in flight since very early today. Tomorrow I am available fir a call. In the air.
[Quoted text hidden]

---

**Juan Salichs** <jsalichs@splawpr.com>        Mon, May 10, 2021 at 11:47 AM
To: Lyssette Morales <lamoraleslawoffice@gmail.com>

Based on your unavailability today, I will proceed to file a motion regarding the matter I indicated to you on Thursday, May 6.  If you still want to discuss this matter tomorrow I will available to do so, but I need to preserve the rights of my client, until we can have a meaningful discussion either personally or virtually or telephonically.

[Quoted text hidden]